**Michael L. ALDEN, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 2008–5046.**

United States Court of Appeals, Federal Circuit.

June 4, 2008.

Michael L. Alden, pro se.

Before MAYER, SCHALL, and LINN, Circuit Judges.

## ON MOTION

PER CURIAM.

### ORDER

The United States moves to summarily affirm the United States Court of Federal Claims' decision in *Alden v. United States*, No. 07–CV–799 (Dec. 4, 2007). Michael L. Alden moves without opposition for leave to proceed in forma pauperis.

Alden, a federal prisoner, filed a complaint at the Court of Federal Claims seeking monetary damages against the United

States for alleged tort claims and constitutional rights violations. Alden's basic contention was that the United States owed him 10 million dollars for the mental anguish suffered as the result of an alleged wrongful incarceration. On December 4, 2007, the Court of Federal Claims dismissed Alden's complaint for lack of jurisdiction. On January 8, 2008, the court denied Alden's motion for reconsideration.

Alden filed an appeal seeking review by this court. The United States moves to summarily affirm the Court of Federal Claims' decision to dismiss Alden's complaint. Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary affirmance is warranted.

Here, the Court of Federal Claims correctly concluded that it lacked jurisdiction over Alden's claims because they sounded in tort because Alden's conviction has not been reversed or set aside, and because none of the cited constitutional provisions mandated payment of money for their violation. *See* 28 U.S.C. § 1491 (the Court of Federal Claims "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages or unliquidated damages in cases not sounding in tort"); *see also* 28 U.S.C. § 1495 (authorizing damages action in the Court of Federal Claims "by any person unjustly convicted of an offense against the United States and imprisoned" only if the conviction is reversed or set aside).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to summarily affirm is granted.

(2) All sides shall bear their own costs.

(3) All other motions are moot.